UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHERRI L MODORY,

            Plaintiff,

v.                                                                       Case No. 22-cv-0153-bhl

KENOSHA UNIFIED SCHOOL DISTRICT
BOARD OF EDUCATION, et al.,

            Defendants.

## ORDER GRANTING MOTION TO REMAND

       Plaintiff Sherri L. Modory[1] filed a complaint[2] against the Kenosha Unified School Board[3] in Kenosha County Circuit Court on January 20, 2022. *See* ECF No. 1 at 1. She amended the complaint a few days later. *See id.* In the amended complaint, Modory alleges that her child has been denied equal access to public school facilities on the basis of his personal beliefs about wearing COVID-19 facemasks. ECF No. 1-1 at 17–18 ¶ 11. As causes of action she cites the Fourteenth Amendment and various state laws. *Id.* at 4–5, 7. On the basis of the constitutional claim, Defendants removed the case to federal court on February 8. ECF No. 1. The next day, Modory attempted to shake off the federal court's jurisdiction by filing a second amended complaint in state court, this time removing references to any federal cause of action.[4] *See* ECF

---

[1] Modory sometimes identifies herself as a plaintiff bringing claims on her own behalf. *See, e.g.*, ECF No. 1-1 at 2, 7–8, 18–19; ECF No. 7; ECF No. 15. At other times she identifies herself as a relator bringing claims on behalf of her minor child. *See, e.g.*, ECF No. 1-1 at 1, 2, 4; *but see id.* at 6–7, 17–18 ¶ 11 ("*The relator has been harmed* by their child not having equal rights access to facilities within public schools based on his set of personal beliefs."(emphasis added)). Defendants refer to Modory as a plaintiff. *See, e.g.*, ECF Nos. 1, 8, 11. For the purposes of this motion the Court identifies Modory as the plaintiff in the case.

[2] Modory labels her filings as petitions for writ of mandamus. ECF No. 1-1 at 2, 13; ECF No. 7-1 at 11. Defendants argue that the filings should be treated as civil complaints in equity requesting injunctive relief. *See* ECF Nos. 1, 8, 11. At stake is whether Modory can argue, as she attempts to argue, ECF No. 7 ¶ 4, that the Court must remand the case to state court because a federal court cannot exercise jurisdiction over a state-court petition for mandamus. Because the Court will remand the case on other grounds, the Court assumes without deciding that Modory's filings are complaints rather than petitions for mandamus. Indeed, the Court agrees at least in part with Defendants, *see* ECF No. 11 at 4–6, that the content of the filings provides support for this assumption. *See Guyton v. United States*, 453 F.3d 425, 426 (7th Cir. 2006) ("[T]he substance of a party's submission takes precedence over its form." (citations omitted)).

[3] Defendants state that the proper name of the entity is "the Kenosha Unified School District Board of Education." ECF No. 1 at 1, n. 1.

[4] Some references to the United States Constitution remain in Modory's purported second amended complaint, *see, e.g.*, ECF No. 7-1 at 12, 13 ¶¶ 2, 5, 6, but at least two instances where Modory previously appeared to cite the

No. 7-1 at 11–18. But this attempt was futile because the state court lacked jurisdiction following the removal to federal court. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of [the] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of [the] State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) ("Once the [removal] petition is filed in federal court, the state court is divested of jurisdiction over the case." (citations omitted)).

On February 14, Modory made a second effort to return to state court. She filed in this Court a motion to remand and included as an attachment the purported second amended complaint previously filed in state court. ECF Nos. 7, 7-1. Defendants promptly opposed the motion to remand, ECF No. 11, and separately filed a motion to dismiss the case, ECF No. 8. Modory did not file a reply brief in support of her motion to remand, although she did file a motion for expedited consideration of the motion. ECF No. 15.

In their opposition brief, Defendants focus on the "nullity" of Modory's second amended complaint. They argue, correctly, that Modory's filing it in state court had no legal significance. ECF No. 11 at 2–3. They also correctly argue that under both state and federal law, Modory can only amend her complaint once as of right and otherwise must request leave to amend a second time. *Id.* at 3–4. But Defendants do not engage with the fact that Modory is proceeding pro se and unlikely to be familiar with the Federal Rules of Civil Procedure. And they ignore the well-established principles that "the party who brings a suit is master to decide what law [she] will rely upon," *Bell v. Hood*, 327 U.S. 678, 681 (1946) (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)), and that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). On these principles the Court construes Modory's motion to remand as containing a motion for leave to file a second amended complaint and GRANTS that motion.

The analysis does not end here. Granting leave to amend the complaint does not automatically resolve Modory's motion to remand. "[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court[.]" *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998) (citing *United Farm Bureau Mut. Ins. Co. v. Metro.*

---

Constitution as a cause of action have been conspicuously removed. *Compare* ECF No. 1-1 at 4–5, 7, 15–16, 18 ¶¶ 8, 14 *with* ECF No. 7-1 at 13–14, 16 ¶¶ 8, 14.

*Hum. Rels. Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3721, p. 213 (1981)). In such situations, federal courts have discretion to continue to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) ("[Where a district court has supplemental jurisdiction over certain claims,] [it] *may* decline to exercise [that jurisdiction] . . . if the district court has dismissed all claims over which it has original jurisdiction[.]" (emphasis added)); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[W]hen a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court."); *Sullivan*, 157 F.3d at 1095. In exercising this discretion, federal courts consider values of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon*, 484 U.S. at 351. They "normally will relinquish jurisdiction over the state-law claims." *Sullivan*, 157 F.3d at 1095.

Interestingly enough, only the pro se plaintiff—and not Defendants' professional legal counsel—brings up the idea that a federal court should consider values like judicial economy and comity when deciding whether to exercise supplemental jurisdiction. ECF No. 7 ¶ 6. She appears to suggest that her claims involve sensitive issues best left for state courts to decide and that the Court should take the opportunity to avoid adjudicating on the Constitution. *Id.* This is not unpersuasive. Moreover, because Modory has relinquished the one federal law claim in a complaint otherwise reliant on state law, the Court determines that the Kenosha County Circuit Court is the more proper forum for the proceeding.

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a second amended complaint, construed as a part of the motion to remand, ECF No. 7, is **GRANTED**. The document attached to the motion to remand, ECF No. 7-1, is now the operative complaint. *See* ECF No. 7-1 at 11–18. **IT IS FURTHER ORDERED** that Plaintiff's motion to remand, ECF No. 7, is **GRANTED**, and the case is **REMANDED** to state court. The motion to dismiss, ECF No. 8, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on March 17, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge